## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TYRONE BOSTICK,

        Plaintiff,

v.                                        Case No. 6:15-cv-1533-Orl-37GJK

DEPUTY LATASHA McGUIRE;
DEPUTY JOHN DOE 1; and DEPUTY
JOHN DOE 2,

        Defendants.
_____

### ORDER

This matter is before the Court on the following:

1.      Defendant Deputy Latasha McGuire's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support (Doc. 16), filed October 20, 2015; and

2.      Plaintiff's Response to Defendant, Latasha McGuire's Motion to Dismiss Plaintiff's Amended Complaint and Plaintiffs [sic] Motion to Strike References to Sheriff Demings Who is No Longer a Defendant (Doc. 20), filed November 3, 2015.

### BACKGROUND

This civil rights and state tort action was initiated by Plaintiff Tyrone Bostick in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("**State Court**"). (Doc. 1-2.) Defendant Deputy Latasha McGuire ("**McGuire**") and former Defendant Sheriff Jerry L. Demings ("**Demings**") removed the action to this Court based on federal question and supplemental jurisdiction. (Doc. 1.) A week after removal,

McGuire and Demings each filed a Motion to Dismiss the State Court Complaint. (Docs. 6, 7; Doc. 2.) Plaintiff then timely filed an Amended Complaint[1] (Doc. 13), which did not name Demings as a Defendant, but did name McGuire and two "DOE" Defendants who allegedly are "law enforcement officer[s] employed by" the Orange County Sheriff's Office ("**OCSO**"). (*See* Doc. 13, ¶¶ 12–14, 16.) McGuire again moved to dismiss (Doc. 16 ("**Rule 12 Motion**")), and Plaintiff filed a response (Doc. 20 ("**Rule 12 Response**")).

## THE AMENDED COMPLAINT

The Amended Complaint sets forth the following factual allegations, which are considered true for purposes of resolving the Rule 12 Motion:

- On or about **August 22, 2011**, McGuire initiated a stop upon Plaintiff. (Doc. 13, ¶ 15.)

- "According to the charging affidavit, McGuire was doing proactive patrol of Lenox Blvd. and S. Ivey Lane" when "she observed a black male walking along the sidewalk." The Doe Defendants were with McGuire in an unmarked vehicle ("**Vehicle**"), which McGuire drove "slightly behind" the Plaintiff "'in an attempt to initiate a consensual encounter.'" (*Id.* ¶ 16.)

- "There were no allegations that [Plaintiff] had committed, was committing or was about to commit a crime" (*Id.* ¶ 20.)

- The Doe Defendants "exited the vehicle driven by McGuire and began chasing" Plaintiff. "At no time did she identify herself as law enforcement." (*Id.* ¶ 17.)

- Plaintiff began to run as he was not able to identify the Doe Defendants as law enforcement officers. (*Id.*) When the Doe Defendants caught up to Plaintiff, they "slammed him down to the

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), plaintiffs may file an amended complaint without leave of court within 21 days after service of a motion under Rule 12. Plaintiff's Rule 15 Motion was filed within this time period and more than two months before the deadline set in the Court's Case Management and Scheduling Order ("**CMSO**") to add parties or to amend pleadings. (*See* Doc. 21, p. 1.)

ground," hit him "with a baton and dragged [him] through a drainage ditch." (*Id.*)

- Plaintiff "was thereafter searched and arrested for resisting an officer without violence, in violation of Fla. Stat. § 843.02 and was taken to the Orange County Jail by the Defendants." (*Id.* ¶ 23.)

- During the transport to jail, the Doe Defendants "continued to hit [Plaintiff] with a baton while he was in the back seat." (*Id.* ¶ 18.)

- McGuire "filed a false police report and booked [Plaintiff] into jail as if she arrested him by herself and intentionally left out the facts about" the Doe Defendants beating Plaintiff. (*Id.* ¶ 19.)

- On or about October 21, 2011, the Office of the State Attorney entered a *Nolle Prosequi*. (*Id.* ¶ 32.)

- Defendants did not have warrants for the search or arrest of Plaintiff, nor did they have reasonable suspicion or probable cause that Plaintiff was engaged in criminal activity. (*See id.* ¶¶ 21, 22, 24, 26, 122.)

Based on these factual allegations, Plaintiff asserts ten federal civil rights claims and eleven state law claims against McGuire and the Doe Defendants. (*Id.* ¶¶ 34–223.) Brought pursuant to 42 U.S.C. §§ 1983 & 1988, Counts Twelve through Twenty are for unlawful search, unlawful seizure, and use of excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (*Id.* ¶¶ 121–207). The last federal claim—Count Twenty-One—is asserted only against McGuire for her alleged filing of a false police report in violation of Plaintiff's constitutional right to due process of law. (*See id.* ¶¶ 208–23.) Counts Four and Five set forth state law battery claims against the DOE Defendants. (*See id.* ¶¶ 49–60.) The remaining state law claims—invasion of privacy, false imprisonment, and intentional infliction of emotional distress—are asserted against all three Defendants. (*See id.* ¶¶ 34–120.)

## PLEADING STANDARDS

The Federal Rules of Civil Procedure set forth minimum requirements concerning the form of a Complaint.  Rule 8 requires that a complaint consist of simple, concise and direct allegations, and a short and plain statement of the claims Under Rule 10, a plaintiff is required to use numbered paragraphs, each limited to a single set of circumstances. Rule 12 provides for dismissal of a complaint that does not comply with minimum pleading requirements or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009).

A complaint states a plausible claim if it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Courts must resolve a Rule 12(b)(6) motion based solely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). Further, courts must accept all well-pled factual allegations—but not legal conclusions—in the complaint as true. *See id.*

## DISCUSSION

McGuire argues that the Court should grant the Rule 12 Motion because: (1) "Plaintiff's Amended Complaint contains self-serving and vague statements without sufficient factual allegations to meet the pleading requirements of Rule 8;" and (2) McGuire is entitled to qualified immunity concerning Plaintiff's civil rights claims—Counts Four, Twelve, Twenty, and Twenty-One; (3) Count Twenty fails because McGuire cannot be held liable based on the excessive force allegedly used against

Plaintiff by the Doe Defendants; and (4) Count Twenty-One—which alleges a due process violation related McGuire's alleged filing of a false police report—is not a claim recognized under controlling law. (Doc. 16, pp. 5, 8, 17–18.) Plaintiff urges the Court to reject McGuire's first three arguments because they are founded on disputed issues of fact and they are not supported by the law. (*See* Doc. 20.)

McGuire's first two arguments require that the Court draw several inferences against Plaintiff and accept as true the following statements set forth in McGuire's police report ("**Report**"):[2]

- The area of Lenox Bv and S. Ivey Ln, Orlando FL "is a documented high crime area in which I have made, and assisted other deputies in making, multiple drug and gun related arrests."

- McGuire stopped her unmarked car "slightly behind" where Plaintiff was walking along a sidewalk, and she exited the vehicle while wearing her "full Orange County issued uniform with badge, patches, and equipment, clearly identifying" McGuire as "law enforcement."

- Plaintiff "suddenly ran, taking headlong flight back eastbound" away from McGuire.

- While in flight, Plaintiff committed "a pedestrian violation" by crossing the "street diagonally, not crossing at a right angle."

---

[2] The Report was not filed with the Amended Complaint, the State Court Complaint, or the Rule 12 Motion. (*See* Docs. 2, 13, 16.) Rather, it was filed as an exhibit to McGuire's motion to dismiss the State Court Complaint (Doc. 7), which motion was denied as moot when Plaintiff filed the Amended Complaint (Doc. 14). Nonetheless, the Court will disregard the Report as it is central to Plaintiff's claims, it is referenced in the Amended Complaint (*see* Doc. 13, ¶ 16 (summarizing the "charging affidavit"); *id.* ¶ 19 (referencing the "police report")), and—although the truth of the statements in the Report are disputed—there is no dispute concerning the authenticity of the Report. *See Tellabs,* 551 U.S. at 322 ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

- After Plaintiff committed the pedestrian violation, McGuire "yelled" for Plaintiff "to stop running and talk" to McGuire, but Plaintiff continued to run until he tripped on a drainage ditch, fell, and caused "lacerations to his hands."

- After Plaintiff fell, McGuire was able to "secure" Plaintiff and transport him to jail "without incident."

(Doc. 7-1, p. 2.)

The version of the facts in the Report are directly at odds with the factual allegations in the Amended Complaint—including Plaintiff's explicit allegation that the Report is untrue and that it omits pertinent facts. (*See* Doc. 13.) Because such factual disputes cannot be resolved at the pleading stage, the Court rejects McGuire's first two arguments. The Court also rejects McGuire's third argument because Count Twenty sets forth a plausible failure-to-intervene claim against McGuire. *See Priester v. Riviera Beach*, 208 F.3d 919, 924–25 (11th Cir. 2000). Finally, given Plaintiff's concession that "there is no viable claim for filing a false police report," the Court finds that Count Twenty-One is due to be dismissed.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED**:

1.   Defendant Deputy Latasha McGuire's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**.

   a.   The Motion to Dismiss (Doc. 16) is **GRANTED** with respect to Count Twenty-One of the Amended Complaint.

   b.   The Motion to Dismiss (Doc. 16) is **DENIED** in all other respects.

2.      Count Twenty-One of the Amended Complaint (Doc. 13) is **DISMISSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 25, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record