UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TYRONE BOSTICK,**

        **Plaintiff,**

v.                                                                   **Case No:   6:15-cv-1533-Orl-37GJK**

**LATASHA MCGUIRE, JOHN DOE 1**
**and JOHN DOE 2,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. No. 28)**
>
> **FILED:**      **February 6, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.**    **BACKGROUND.**

    **A.**  **Facts.**

On August 22, 2011, Orange County Sheriff's Deputy Latasha McGuire ("Defendant") and two "John Doe" Orange County Sheriff's Deputies (the "Does") were conducting a "proactive patrol" in an unmarked patrol vehicle in the area of Lenox Boulevard and South Ivey Lane in Orange County, Florida.  Doc. No. 13 at ¶¶ 15-16.  The facts contained in this order are derived from the operative complaint, and are accepted as true for purposes of ruling on the instant motion. During her patrol, Defendant observed Plaintiff walking along the sidewalk and, without

identifying herself as a law enforcement officer, drove her patrol vehicle behind Plaintiff "in an attempt to initiate a consensual encounter." *Id*. at ¶ 16. As Defendant drove behind Plaintiff, Plaintiff began to run and the Does exited the patrol vehicle and gave chase. *Id*. at ¶ 17. After a short chase, the Does apprehended Plaintiff by slamming him to the ground, hitting him with batons, and dragging him through a drainage ditch. *Id*. Thereafter, Plaintiff was placed in plastic tie restraints and placed in the back of the patrol vehicle. *Id*. Defendant, accompanied by the Does, transported Plaintiff to the Orange County Jail. *Id*. at ¶¶ 17-18. In route to the jail, the Does continued to hit Plaintiff while he was restrained in the back of the patrol vehicle. *Id*. at ¶ 18. Defendant booked Plaintiff in jail and filed an arrest report indicating she arrested Plaintiff by herself, omitting any reference of the Does' involvement in the arrest. *Id*. at ¶ 19. Plaintiff was subsequently charged with resisting an officer without violence. *Id*. at ¶ 23. On October 21, 2011, the State Attorney's Office filed a *nolle prosequi* as to the sole charge against Plaintiff. *Id*. at ¶ 32.[1]

### B. Procedural History.

On August 21, 2015, Plaintiff filed a complaint (the "Complaint") against Defendant and the Does in the Ninth Judicial Circuit Court of Florida. Doc. No. 2.[2] In it, Plaintiff asserted the following state law claims against the Does: 1) invasion of privacy, in violation of Article I, Section 12 of the Florida Constitution; 2) battery; 3) false imprisonment; and 4) intentional infliction of emotional distress. *Id*. at 7-15. Additionally, Plaintiff asserted the following federal claims

---

[1] The filing of a *nolle prosequi* "is merely a discretionary decision by the State Attorney to be unwilling to prosecute; it does not operate as an acquittal nor does it bar further prosecution." *Al-Hakim v. Roberts*, Case No. 8:08-cv-1370-T-17EAJ, 2009 WL 2147062, at *4 (M.D. Fla. July 13, 2009).

[2] The Complaint also named Orange County Sheriff Jerry Demings as a defendant, but he is no longer a party to this action. *Compare* Doc. No. 2 *with* Doc. No. 13.

against the Does, pursuant to 42 U.S.C. § 1983: 1) unlawful search; 2) unlawful arrest; and 3) use of excessive force. *Id*. at 16-22, 24-26.

On September 17, 2015, the case was removed to this Court. Doc. No. 1. On October 8, 2015, Plaintiff filed an amended complaint (the "Amended Complaint") against Defendant and the Does, asserting the same claims against the Does. Doc. No. 13 at 6-9, 11-15, 18-20, 22-27. On November 23, 2015, Defendant served Plaintiff with her answers to his interrogatories, stating, in relevant part, that she and Orange County Sheriff's Deputies Brian Hummel and Ryan Donovan participated in Plaintiff's August 22, 2011 arrest. Doc. No. 24-1 at 3-4.

On February 6, 2016, Plaintiff filed an Amended Motion for Leave to File Second Amended Complaint (the "Motion"), seeking leave to file a second amended complaint (the "Second Amended Complaint") changing the parties sued from "John Doe 1" and "John Doe 2" to Deputies Hummel and Donovan, respectively. Doc. No. 28.[3] On February 12, 2016, Defendant filed a response in opposition to the Motion. Doc. No. 29.

## II.   **STANDARD OF REVIEW**.

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam). Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, the court must provide substantial justification if it denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274. A court has substantial justification to deny a timely motion for leave to amend if it finds: 1) there has been

---

[3] The deadline for motions to add parties was December 21, 2015. Doc. No. 21 at 1. Prior to that deadline, on December 18, 2015, Plaintiff filed his original motion for leave to file the Second Amended Complaint (the "Original Motion"). Doc. No. 24. On February 4, 2016, the Court entered an order denying the Original Motion without prejudice for failure to comply with Local Rule 3.01(g). Doc. No. 27. The Motion is identical to the Original Motion. *Compare* Doc. No. 24 *with* Doc. No. 28. Therefore, in light of this procedural history and the similarity between the Motion and Original Motion, the undersigned will consider the Motion as though it was timely filed.

undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; 2) the amendment would cause undue prejudice to the opposing party; or 3) the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion seeking leave to amend the complaint is futile if the proposed amendment(s) would not survive a motion to dismiss or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

### III.   ANALYSIS.

The resolution of the Motion hinges on whether the claims Plaintiff seeks to introduce via the Second Amended Complaint are barred by the statute of limitations, and, if so, whether the Second Amended Complaint relates back to the Complaint, which was filed prior to the expiration of the applicable statute of limitations.

#### A.  Statute of Limitations.

The statute of limitations for each claim asserted against the Does is four (4) years. Fla. Stat. § 95.11(3)(o) (statute of limitations for battery, false imprisonment and "any other intentional tort" is four years); *Haskins v. City of Ft. Lauderdale*, 898 So.2d 1120, 1123 (Fla. 4th DCA 2005) (stating the statute of limitations for claim of invasion of privacy is four years); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (stating Florida's four-year statute of limitations applies to claims brought pursuant to 42 U.S.C. § 1983). The events giving rise to each of Plaintiff's claims against the Does took place on or about the day of his arrest, August 22, 2011. *See generally* Fla. Stat. § 95.031 (statute of limitations begins to run when the last element constituting the cause of action occurs); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) ("In Section 1983 cases, the statute of limitations does not begin to run until the facts which would support a cause

of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (quotation omitted)). Thus, the statute of limitations for the claims against the Does expired on August 23, 2015. Accordingly, Plaintiff's request for leave to file the Second Amended Complaint comes after the statute of limitations on his claims expired.

**B. Relation Back.**

Plaintiff argues – albeit tersely – the Second Amended Complaint relates back to the date the Complaint was filed based on Rule 15(c)(1)(C), Federal Rules of Civil Procedure. Doc. No. 28 at 5-6. It is well established that replacing a Doe defendant with a named defendant "constitutes a change in the parties sued." *Wayne v. Jarvis*, 197 F.3d 1098, 1102 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) (en banc). Therefore, Plaintiff correctly looks to Rule 15(c)(1)(C), which provides that an amendment to a pleading relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Accordingly, an amendment changing a party will relate back if each of the following requirements are satisfied: 1) the claim or defense against the proper party arises out of the actions set forth in the original pleadings; 2) the proper party received notice of the action such that he or she will not be prejudiced; 3) the proper party received notice within the time period set by Rule 4(m), Federal Rules of Civil Procedure; and 4) the proper party either knew

or should have known the action would have been brought against him or her but for a mistake of identity. *Id*.

The parties' dispute largely centers on whether the fourth and final requirement has been satisfied. Plaintiff maintains he did not know the Does' identities when he filed the Complaint because Defendant failed to identify or mention them in her arrest report, and that he did not learn their identities until November 23, 2015, when he received Defendant's answers to his interrogatories. Doc. No. 28 at 2. Plaintiff argues his lack of knowledge equates to a mistake about the Does' identities. *Id*. at 5 (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3rd Cir. 1977) (implicitly holding in a "John Doe" caption case that lack of knowledge of identity satisfies the mistake requirement of Rule 15(c)); *Ward v. Taylor*, 250 F.R.D. 165, 170 (D. Del. 2008) (following *Varlack*)).

A mistake is defined as "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1153 (10th ed.2014). Thus, a mistake concerning a party's identity ordinarily involves some sort of error or misunderstanding concerning the proper party's identity. *See, e.g.*, *Brown v. VCNA Prestige Concrete Prods., Inc.*, Case No. 6:13-cv-979-Orl-31TBS, 2014 WL 1293266, at *3 (M.D. Fla. Mar. 31, 2014) ("When two corporate entities are closely related and have similar names, choosing the wrong one is readily explainable as a mistake.") (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 556 (2010)). The Eleventh Circuit has held – contrary to *Varlack* – that a lack of knowledge does not constitute "a mistake concerning the proper party's identity." *Wayne*, 197 F.3d 1103, *overruled on other grounds by Manders*, 338 F.3d at 1328 n. 52.[4] Thus, courts in this circuit consistently find that an amended

---

[4] A majority of circuit courts have reached the same conclusion. *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir. 2006); *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Shea v. Esensten*, 208 F.3d

complaint substituting a previously unknown "John Doe" defendant with a named defendant after the statute of limitations expires, does not relate back to the original pleadings pursuant to Rule 15(c)(1)(C), Federal Rules of Civil Procedure.  *E.g.*, *Wayne*, 197 F.3d at 1103-04; *Lelieve v. Orosa*, 2011 WL 5103949, at *3-6 (S.D. Fla. Oct. 27, 2011); *Fowler v. Coad*, 2015 WL 1843243, at *2-3 (N.D. Fla. Apr. 22, 2015).

In *Wayne*, for example, a *pro se* plaintiff brought claims against numerous "John Doe" deputy sheriffs pursuant to 42 U.S.C. § 1983, and later amended his complaint after the expiration of the statute of limitations to replace the "John Doe" deputies with eight (8) named deputies he identified through discovery.  *Wayne*, 197 F.3d at 1101-02.  The district court subsequently dismissed plaintiff's claims against the deputies because the amended complaint did not relate back to the original complaint under Rule 15(c), Federal Rules of Civil Procedure.  *Id*. at 1102-03.  On appeal, the Eleventh Circuit, as previously mentioned, held that a lack of knowledge concerning the proper party's identity does not constitute "a mistake concerning the proper party's identity."  *Id*. at 1103.  The court gave no import to the fact plaintiff first learned the deputies' identities through discovery, explaining plaintiff's lack of knowledge was the result of his own delay:

> In this case, Wayne's problem was not that he drafted his complaint without a lawyer, but that he drafted and filed it close to the expiration of the statute of limitations and thereby waited too long before setting about to find crucial information he needed to make his claim against the deputies.  Wayne bears the consequences of his own delay.  Had he filed earlier, he could have learned the deputy sheriffs' identities in time to amend his complaint before the statute of limitations ran.

*Id*. at 1104.  Thus, the court found plaintiff's lack of knowledge concerning the deputies' identities did not constitute a mistake, and thus plaintiff's claims against the deputies did not relate back to

---

712, 720 (8th Cir. 2000); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

the original complaint and were consequently barred by the applicable statute of limitations. *Id*. at 1103-04.

In this case, like in *Wayne*, Plaintiff simply did not know the Does' identities prior to the expiration of the statute of limitations. Doc. No. 28 at ¶¶ 4, 9; *see also* Doc. Nos. 2; 13. Plaintiff concedes this point, but attempts to escape its effect by arguing he did not know the Does' identities because Defendant failed to identify or mention them in her arrest report. Doc. No. 28 at ¶¶ 4, 9. The mere fact Defendant omitted any reference to the Does in her arrest report did not stop Plaintiff from identifying them prior to the expiration of the statute of limitations. Plaintiff knew three deputies were involved in his August 22, 2011 arrest. Doc. Nos. 2 at ¶¶ 15-29; 13 at ¶¶ 15-31. Despite this awareness, Plaintiff inexplicably waited until two days before the expiration of the statute of limitations to file suit regarding his August 22, 2011 arrest. Thus, Plaintiff's lack of knowledge concerning the Does' identities is the product of his own delay, and he must, as the *Wayne* court explained, bear the consequences of his delay. *Wayne*, 197 F.3d at 1104. As previously explained, Plaintiff's lack of knowledge concerning the Does' identities does not constitute a "mistake" concerning the Does' identities. *Id*. at 1103. Therefore, the Second Amended Complaint would not relate back to the Complaint pursuant to Rule 15(c)(1)(C), Federal Rules of Civil Procedure.[5]

In summary, Plaintiff's request for leave to file the Second Amended Complaint comes after the statute of limitations for his claims against the Does expired. Plaintiff has failed to establish the requirements for the Second Amended Complaint to relate back to the date the

---

[5] There is no need to address the other requirements of Rule 15(c)(1)(C), Federal Rules of Civil Procedure, where, as here, there is no showing of a mistake. *Wayne*, 197 F.3d at 1103 n.5. The undersigned notes Defendant also argues the Second Amended Complaint does not relate back pursuant to Rule 15(c)(1)(A), Federal Rules of Civil Procedure, or due to equitable tolling. Doc. No. 29 at 7-10. Plaintiff neither expressly nor implicitly argues the Second Amended Complaint relates back pursuant to either Rule 15(c)(1)(A), Federal Rules of Civil Procedure, or equitable tolling. *See* Doc. No. 28. Therefore, the Court will not address any such hypothetical arguments.

Complaint was filed. Therefore, granting leave to file the Second Amended Complaint would be futile, because Plaintiff's claims against the Does would be subject to dismissal based on the applicable statute of limitations. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (a motion for leave to amend a complaint may be denied on the basis of futility if the newly-asserted claims would be barred by the applicable statute of limitations.). Therefore, the Motion should be denied.

**IV.   CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 28) be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 20, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy